UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATER SPORTS KAUAI, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREMAN'S FUND INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 20-cv-03750-WHO <br><br> **ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. No. 62 |

In my November 2020 Order, I dismissed plaintiff Water Sports Kauai, Inc.'s First Amended Complaint seeking insurance coverage for its lost income resulting from closure of its chain of stores in response to the presence of the coronavirus in Hawaii and government closure orders.  November 2020 Order, Dkt. No. 52.  Following the clear majority of District Court opinions interpreting similar policy provisions, I explained that plaintiff had failed to plead plausible facts that its stores were closed because of coronavirus causing "a direct physical loss of or damage to" its "Covered Property" or a specifically identified "income support property" to support coverage under the Business Income provision.  *Id*. at 4-12.  I also concluded that "preventative" government closure orders – entered to prevent the spread of coronavirus – did not invoke coverage under the Civil Authority provision because there was no "causal link of direct physical loss of or damage to property" specifically identified that led to those closure orders.  *Id*. at 12-13.  I gave plaintiff leave to amend to allege "the physical presence of coronavirus and additional facts in support of its 'supply chain' theory" by pleading facts showing a "direct physical loss of or damage to" identified property consistent with the definition I had adopted.  *Id*.; *see also* Dkt. No. 56 (Order Clarifying Order on Motion to Dismiss).

In its Second Amended Complaint (SAC), instead of pleading facts showing that coronavirus *was* present at a specific Sand People's store or at a specific supply chain business that caused plaintiff some specific, connected loss, plaintiff pleaded only additional facts showing

that the coronavirus was "likely" in the environment surrounding at least three specific Sand People stores. SAC ¶¶ 50-51, 54. I rejected that theory in the November 2020 Order; it remains insufficient. November 2020 Order at 5-8. In opposition to defendants' pending motion to dismiss, plaintiff relies on theories regarding its imminent risk of significant harm from the coronavirus that depend on definitions of "direct physical loss of or damage to property" that I also rejected in the November 2020 Order. Oppo. at 7-14. It, again, fails to squarely address the numerous District Court opinions that have rejected its theories of coverage, other than to argue that unspecified cases are inapposite because the policies at issue had a virus exclusion (but neglecting that the courts in the first instance addressed similar coverage provisions before addressing virus exclusions) or because the cases did not arise under Hawaii law.[1] But it does not offer any cases or arguments demonstrating that the result should be different under Hawaii law.[2]

As plaintiff has failed to allege sufficient facts to show "a direct physical loss of or damage to" its "Covered Property" or that a specifically identified "income support property" suffered a covered loss as a result of the presence of coronavirus in a specifically identified property, plaintiff still fails to allege coverage under the lost Business Income provision.[3]

---

[1] In this District alone, the recently decided cases include *O'Brien Sales and Mktg., Inc. v. Transportation Ins. Co.*, 20-CV-02951-MMC, 2021 WL 105772, at *4 (N.D. Cal. Jan. 12, 2021) (rejecting "direct physical loss of or damage to" property coverage under both Business Income and Civil Authority provisions), issued after plaintiff's Opposition, and *Palmdale Estates, Inc. v. Blackboard Ins. Co.*, 20-CV-06158-LB, 2021 WL 25048, at *2 (N.D. Cal. Jan. 4, 2021) (no coverage under "direct physical loss" provisions before reaching virus exclusion); *Karen Trinh, DDS, Inc. v. State Farm Gen. Ins. Co.*, 5:20-CV-04265-BLF, 2020 WL 7696080, at *5 (N.D. Cal. Dec. 28, 2020) (dismissing where allegations did not "show that COVID-19 caused direct physical loss to Covered Property, as there are no allegations of 'distinct, demonstrable, physical alteration' of Plaintiff's dentistry, nor are there allegations that Plaintiff was permanently dispossessed of anything"); and *Robert W. Fountain, Inc. v. Citizens Ins. Co. of Am.*, 20-CV-05441-CRB, 2020 WL 7247207 (N.D. Cal. Dec. 9, 2020) (no coverage under "loss of" property provision and no coverage under the "damage to" provision given virus exclusion), all decided before plaintiff's opposition was filed and not addressed by plaintiff.

[2] The cases arising under Hawaii law relied on by plaintiff in this and its prior opposition were consistent with the analysis in the November 2020 Order. *Id*. at 5, 11.

[3] Defendants argue that I should accept the reasoning adopted by other district courts, including in two opinions from this court, that even where plaintiffs alleged the presence of coronavirus in a covered property, coverage was not invoked because coronavirus does not physically impact the stores, can be readily cleaned up, and affects people not properties. *See, e.g.*, *Kevin Barry Fine Art Associates v. Sentinel Ins. Co.*, Ltd., 20-CV-04783-SK, 2021 WL 141180, at *6 (N.D. Cal. Jan. 13, 2021); *O'Brien Sales and Mktg., Inc. v. Transportation Ins. Co.*, 20-CV-02951-MMC,

1  As to the Civil Authority provision, in the November 2020 Order I noted that by plaintiff's own admissions the government closure orders in Hawaii were preventative and prophylactic measures to stop the potential spread of the coronavirus. I found that in "the absence of any allegation that any specific neighboring property to a Sand People property in Hawaii had actual coronavirus exposure, this coverage has not plausibly been triggered." November 2020 Order at 13. In the SAC, plaintiff backs away from the specific Hawaii closure orders relied on during the last round of briefing, presumably because the Hawaii orders disclose their preventative and prophylactic purpose. At base, the SAC does not identify a specific property that was damaged or suffered a covered loss – as I have defined those terms – that *led* to identified government closure orders in Hawaii that impacted the Sand People's businesses.

Numerous cases agree with respect to closure orders issued in other jurisdictions. *See, e.g., O'Brien Sales and Mktg., Inc. v. Transportation Ins. Co*., 20-CV-02951-MMC, 2021 WL 105772, at *5 (N.D. Cal. Jan. 12, 2021) ("it is apparent from the plain language of the cited civil authority orders [issued by the Governor of California] that such directives were issued to stop the spread of COVID-19 and not as a result of any physical loss of or damage to property"); *Elegant Massage, LLC v. State Farm Mut. Automobile Ins. Co*., 2:20-CV-265, 2020 WL 7249624, at *11 (E.D. Va. Dec. 9, 2020) "the Executive Orders were issued because 'COVID-19 presents an ongoing threat to [Virginia] communities', and not because of prior actual 'physical damage' to its own property or surrounding properties"); *see also Karen Trinh, DDS, Inc. v. State Farm Gen. Ins. Co*., 5:20-CV-04265-BLF, 2020 WL 7696080, at *5 (N.D. Cal. Dec. 28, 2020) ("Plaintiff has failed to allege damage that is 'accidental direct physical loss' to nearby property" to invoke Civil Authority provision).

For the reasons expressed above and in the November 2020 Order, defendants' motion to dismiss the SAC is GRANTED. Plaintiff's failure to cure the deficiencies that I identified before

---

2021 WL 105772, at *4 (N.D. Cal. Jan. 12, 2021). I need not and do not reach these arguments.

makes clear that further amendment would be futile, so the dismissal is with prejudice.

IT IS SO ORDERED.

Dated: February 1, 2021



William H. Orrick
United States District Judge